**Porfirio YUPANWQUI, Petitioner,**

v.

**John ASHCROFT, Attorney General of the United States, and Bureau of Citizenship and Immigration Services (BCIS) District Director, Respondents.**

No. 03–2515.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit LAR
34.1(a) on Nov. 15, 2004.

Decided Dec. 17, 2004.

John D. Perez, Newark, NJ, for Petitioner.

Douglas E. Ginsburg, Margaret Perry, Lyle D. Jentzer, Margaret K. Taylor, United States Department of Justice Office of Immigration Litigation, Washington, DC, for Respondents.

Before ROTH, SMITH, and WEIS, Circuit Judges.

OPINION

ROTH, Circuit Judges.

Petitioner Porfirio Yupanqui is a native of Peru. On November 11, 1989, he entered the United States without inspection in violation of 8 U.S.C. § 1182(a)(6)(A)(i) and was subject to removal from the United States. Yupanqui conceded his removability before an Immigration Judge (IJ) but applied for a cancellation of removal in accordance with 8 U.S.C. § 1229(b). On December 7, 2001, the IJ denied Yupanqui's application for cancellation of removal. The IJ held that Yupanqui did not demonstrate that his American citizen daughter would suffer *"exceptional and extremely unusual hardship"*—as defined in 8 U.S.C. § 1229(b)(1)(D)—if he were to be removed from the United States. This decision was affirmed without an opinion (AWO) by the Board of Immigration Appeals (BIA).

Yupanqui seeks a petition for review by this court. He raises two issues that he feels were errors committed during the previous proceedings. He argues (1) that the IJ's decision concerning the lack of a showing of "exceptional and extremely unusual hardship" was erroneous, and (2) that his due process rights were violated by the BIA's decision to affirm without issuing an opinion. Because we lack the jurisdiction to review discretionary decisions made by the IJ and because the

BIA's AWO does not violate due process, we will deny Yupanqui's petition.[1]

We have recently held in an analogous case that pursuant to 8 U.S.C. § 1252(a)(2)(B)(i), we do not have jurisdiction to hear discretionary decisions made under 8 U.S.C. § 1229(b). *Mendez–Moranchel v. Ashcroft*, 338 F.3d 176, 178 (3d Cir.2003). We also held that the question of whether an alien can establish "exceptional and extremely unusual hardship" under Section 1229(b)(1)(D) is a discretionary question. *Id.* at 178–79. We stated that, "[t]he determination of whether the alien has established the requisite hardship is a quintessential discretionary judgment." *Id.* at 179. This decision was consistent with other circuits that addressed the same question. *Id.* Thus, we lack jurisdiction to address Yupanqui's argument that the IJ and BIA wrongly decided that he did not meet the necessary hardship standard.

As to the due process argument, after Yupanqui filed his brief in this appeal, we held in *Dia v. Ashcroft*, 353 F.3d 228 (3d Cir.2003), that "the BIA could have articulated its reasons for affirming the IJ's order, but just because it had the power to do so, does not mean the Constitution required it to exercise that power." *Id.* at 240. We concluded that a "meaningful review" is established as long as either the BIA *or* the IJ "put forth a sufficiently reasoned opinion." *Id.* at 243. The IJ's opinion here meets that standard. Hence, with *Dia* as controlling precedent in this circuit, Yupanqui's due process argument fails.

For the aforementioned reasons, we will deny Yupanqui's petition for review.

---

1. We will not discuss the facts because we write only for the parties and they are familiar with them.